[Civ. No. 48919. Second Dist., Div. Three. Jan. 26, 1977.]

GOLETA EDUCATORS ASSOCIATION et al.,
Plaintiffs and Appellants, v.
LORENZO DALL'ARMI, as Superintendent, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Galiano, Hansen & Wheatley and Horace Wheatley for Plaintiffs and Appellants.

George P. Kading, County Counsel, Dana D. Smith, Assistant County Counsel, and Don H. Vickers, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**COBEY, J.**—Petitioners, Goleta Educators Association, Donna Nelson, and Diane Wyman (hereafter referred to as Association), appeal from a judgment denying their petition for a peremptory writ of mandate. The appeal lies. (Code Civ. Proc., §§ 1110, 904.1.)

The Association, an employee organization under the Winton Act (former Ed. Code, §§ 13081, subd. (a), 13090),[1] sought a writ of mandate to compel the Goleta Union School District Board of Trustees (hereafter referred to as Board) to fix a retroactive salary increase and order it to be paid. The trial court found that such an increase would constitute an unconstitutional grant of extra compensation or allowance for services already rendered in violation of article IV, section 17, and article XI, section 10, of the California Constitution. The Association, on appeal, contends that the trial court's conclusion of unconstitutionality was in error. For the reasons set forth below, we agree.

## FACTS

The facts of this case are not in dispute. Between March 12, 1975, and June 23, 1975, representatives of the Association and the Certificated Employee Council proposed a salary schedule for the 1975-1976 school year to the Board, which included a 12 percent cost of living increase above the 1974-1975 schedule. The Board made a counterproposal which contained a provision retaining the 1974-1975 salary schedule. On June 23, 1975, a "persistent disagreement" was declared, in accordance with former Education Code section 13087.1. A panel was convened on September 18, 1974, to investigate the facts and to make findings. As a result of this fact-finding process, the Board unanimously approved a 6 percent salary increase for the 1975-1976 school year, to become effective on October 17, 1975 and an additional single sum in an amount equal to the difference between the total increase effective October 17, 1975, and the amount which would have been received if the increase had been made effective as of September 11, 1975.

During this period, the certified employees were employed under written "offers of employment" which specified salary amounts based on the 1974-1975 salary schedule. They were paid these amounts until the salary increases became effective on October 17, 1975.

## DISCUSSION

■  The sole issue on this appeal is whether the retroactive pay increase to certified public school employees, under the facts outlined

---

[1]The Winton Act, former Education Code section 13080 et seq., which has been repealed, applies in this case. (See Stats. 1975, ch. 961, § 1, p. 2247.) The Rodda Act, Government Code section 3540 et seq., which does not apply, took effect July 1, 1976. (Stats. 1975, ch. 961, § 2, p. 2247.)

above, constitutes compensation in violation of the California Constitution, article IV, section 17[2] and article XI, section 10.[3]

The case law is sparse on the issue of whether retroactive pay raises are unconstitutional. Retroactive payments have been approved by a division of this statewide court and the Attorney General in situations where the adjusted salary rates were made retroactive to a date when the salary rates were indefinite and subject to future determination. (See *San Joaquin County Employees' Assn., Inc.* v. *County of San Joaquin,* 39 Cal.App.3d 83, 88 [113 Cal.Rptr. 912]; 23 Ops.Cal.Atty.Gen. 271; 33 Ops.Cal.Atty.Gen. 143; 39 Ops.Cal.Atty.Gen. 200; 47 Ops.Cal.Atty.Gen. 61; 56 Ops.Cal.Atty.Gen. 461.) In the *San Joaquin* case the court found that county employees' salaries were undetermined while negotiations were in progress under the Meyers-Milias-Brown Act (Gov. Code, § 3500 et seq.). (*Id.,* at p. 88.)

A similar situation exists in the present case. Although the procedures outlined under the Meyers-Milias-Brown Act differ from those under the Winton Act (compare Gov. Code, § 3500 et seq., with former Ed. Code, § 13080 et seq.; see *Westminster Sch. Dist.* v. *Superior Court,* 28 Cal.App.3d 120, 128-129 [104 Cal.Rptr. 388]), these differences are here insignificant. Both statutes provide that any agreement reached between the parties is not binding upon the governmental body (see Gov. Code, § 3505.1; former Ed. Code, § 13087.1; *San Joaquin County Employees' Assn., Inc.* v. *County of San Joaquin, supra,* 39 Cal.App.3d at p. 88) and that the parties must meet and confer in good faith. (Gov. Code, § 3505; former Ed. Code, § 13085; see *San Juan Teachers Assn.* v. *San Juan Unified Sch. Dist.,* 44 Cal.App.3d 232, 252-253 [118 Cal.Rptr. 662].)

In the present case, the salaries were indefinite and uncertain on September 11, 1975. The 1974-1975 school year ended, by statute, on June 30, 1975. (Ed. Code, § 5101.) Consequently, when the 1975-1976 school year began, a fact-finding procedure under former Education Code, section 13087.1, was already in progress.

---

[2]Article IV, section 17 reads: "The Legislature has no power to grant, or to authorize a city, county, or other public body to grant, extra compensation or extra allowance to a public officer, public employee, or contractor after service has been rendered or a contract has been entered into and performed in whole or in part, or to authorize the payment of a claim against the State or a city, county, or other public body under an agreement made without authority of law."

[3]Article XI, section 10 reads: "A local government body may not grant extra compensation or extra allowance to a public officer, public employee, or contractor after service has been rendered or a contract has been entered into and performed in whole or in part, or pay a claim under an agreement made without authority of law."

Although the certified employees had executed employment contracts providing for salaries payable under the 1974-1975 schedule, their salaries were indefinite since negotiations were being held. The Board was obligated, by law, to meet and confer in good faith with the certified employees' representatives. (See *San Juan Teachers Assn.* v. *San Juan Unified Sch. Dist., supra,* 44 Cal.App.3d at pp. 252-253.) If during these sessions the Board determined that the pay raises should be retroactive to the beginning of the school year, good faith required it to implement the results of these negotiations by making the pay raises retroactive. (See *San Joaquin County Employees' Assn., Inc.* v. *County of San Joaquin, supra,* 39 Cal.App.3d at p. 89.) Even though it was possible that the Board might have approved no increase, the salaries remained undetermined while under negotiation. This being so, the retroactive salary increase at issue did not constitute unconstitutional extra compensation for services already rendered.

## DISPOSITION

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

Allport, Acting P. J., and Potter, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 24, 1977.